

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| TYSON S. PALLISTER, MARTIN MANGAN, and SHIRLEY MANGAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CARING FOR MONTANANS, INC., BLUE CROSS AND BLUE SHIELD OF MONTANA, INC., HEALTH CARE SERVICES CORPORATION, INC., and JOHN DOES 3 through 20,<br><br>Defendants. | No. CV-09-62-H-SEH<br><br>ORDER |

Cause CV-09-25-BU-SEH was filed in state court on February 26, 2009,[1] and removed to this Court on April 1, 2009.[2]

---

[1] Doc. 4 (CV-09-25-BU-SEH).

[2] Doc. 1 (CV-09-25-BU-SEH).

Cause CV-09-62-H-SEH was filed in state court on February 20, 2008,[3] and removed to this Court on October 19, 2009.[4]

On January 6, 2010, the cases were consolidated for the limited purpose of addressing pretrial and discovery issues common to both.[5]

On July 12, 2010, both cases were stayed pending resolution of related class action proceedings in state court.[6] The stay was lifted on July 5, 2016.[7]

Plaintiffs filed a First Amended Consolidated Class Action Complaint[8] in this Court on July 29, 2016. Defendant Caring for Montanans, Inc. ("CFM") answered on August 12, 2016.[9]

Plaintiffs moved for class certification on August 26, 2016.[10] CFM opposed.[11]

---

[3] Doc. 1-1 (CV-09-62-H-SEH).

[4] Doc. 1 (CV-09-62-H-SEH). Removal was effected only after the case had been pending in state court for over 18 months without service of process being made (*see* Doc. 1 at 2–3 (CV-09-62-H-SEH)).

[5] Doc. 44 (CV-09-25-BU-SEH); Doc. 20 (CV-09-62-H-SEH).

[6] *See* Doc. 76 (CV-09-25-BU-SEH).

[7] Doc. 180 (CV-09-25-BU-SEH).

[8] Doc. 181 (CV-09-25-BU-SEH).

[9] Doc. 183 (CV-09-25-BU-SEH).

[10] Doc. 184 (CV-09-25-BU-SEH).

[11] Doc. 189 (CV-09-25-BU-SEH).

The Court issued its Opinion and Order denying Plaintiffs' Motion for Class Certification[12] on December 27, 2016.

Federal Rule of Civil Procedure 23(f) provides:

> A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered.

The time allowed by Rule 23(f) to appeal the Order denying class certification expired on January 10, 2017. No such appeal was sought.

On January 12, 2017, the Court issued its Order,[13] which, *inter alia*, vacated the consolidation of cause numbers CV-09-25-BU-SEH and CV-09-62-H-SEH and directed Plaintiffs to "file an amended complaint on or before January 27, 2017, limited to the remaining issues now presented and before the Court in each of the two cases."[14]

Separate Amended Complaints were filed in CV-09-25-BU-SEH[15] and in CV-09-62-H-SEH[16] on January 27, 2017. Neither complied with the directive in

---

[12] Doc. 207 (CV-09-25-BU-SEH).

[13] Doc. 213 (CV-09-25-BU-SEH).

[14] *Id.* at 3–4.

[15] Doc. 214 (CV-09-25-BU-SEH).

[16] Doc. 191 (CV-09-62-H-SEH).

3

the Court's January 12, 2017, Order that any amended complaint be "limited to the remaining issues now presented and before the Court in each of the two cases."[17] Rather, both Complaints reasserted essentially the same claims on behalf of the same plaintiff classes for which this Court had denied certification on December 27, 2016.

Plaintiffs in cause CV-09-25-BU-SEH on January 27, 2017, filed Plaintiffs' Unopposed Motion for Reconsolidation and for Entry of Judgment[18] and supporting brief[19], seeking the reconsolidation of CV-09-25-BU-SEH and CV-09-62-H-SEH and entry of judgment in favor of Defendants.

In its December 27, 2016, Opinion, the Court denied class certification of Plaintiffs' two proposed classes:

(a) CFM state class action members who were ERISA insureds and have breach of fiduciary duty claims against CFM for: (1) failing to provide notice regarding the settlement in [*Diaz v. BCBSMT*[20]]; and (2) proposing to give ERISA beneficiaries' funds to Montana Healthcare Foundation.[21]

---

[17] Doc. 213 at 4 (CV-09-25-BU-SEH)

[18] Doc. 215 (CV-09-25-BU-SEH).

[19] Doc. 216 (CV-09-25-BU-SEH).

[20] 267 P.3d 756 (Mont. 2011).

[21] Doc. 185 at 10.

4

(b) CFM insureds who, submitted claims on or after March 1, 2001, to the present (or on whose behalf claims were submitted) to CFM for medical expenses arising from the automobile/premises accidents where CFM failed to pay the claim due to the possible availability of automobile or premises liability insurance, but where CFM did not apply the denial codes used to define the CFM state class action.[22]

In its ruling, the Court held:

1. Plaintiffs' lacked standing to assert claims arising from: (a) CFM's failure to tell Plaintiffs of *Diaz v. BCBSMT*;[23] and (b) CFM's planned transfer of $150,000,000 to the Montana Healthcare Fund.

2. The only class representative for proposed Class (b), Plaintiff Budd, did not qualify as a class member as it was undisputed that CFM had paid his previously withheld benefits.

3. That Plaintiffs' proposed Class (b)'s claims seeking benefits due had all been released in the state court class action settlement approved by the Montana Supreme Court.

Other claims pleaded in the First Amended Consolidated Class Action Complaint[24] beyond those for which class certification was sought were not addressed or

---

[22] Doc. 185 at 11.

[23] 267 P.3d 756 (Mont. 2011).

[24] Doc. 181 (CV-09-25-BU-SEH).

adjudicated in the December 27, 2016, Opinion and Order denying class certification.

Plaintiffs' class action certification questions were addressed and resolved on the merits adversely to Plaintiffs. Permission to reassert the same class claims which had been dismissed on the merits was not authorized by the Court in its January 12, 2017, Order.[25] No permission to reassert class claims was sought by Plaintiffs prior to filing of the separate Plaintiffs' Second Amended Class Action Complaint[26] in cause CV-09-25-BU-SEH and Plaintiffs' Second Amended Class Action Complaint[27] in cause CV-09-62-H-SEH. Moreover, the Court's Order of January 12, 2017, specifically directed Plaintiffs to file amended pleadings "limited to the remaining issues now presented and before the Court in each of the two cases."[28] Plaintiffs' Second Amended Class Action Complaint[29] in cause CV-09-25-BU-SEH was directly contrary to the amended pleading limitation in the Court's Order of January 12, 2017.[30]

---

[25] Doc. 213 (CV-09-25-BU-SEH).

[26] Doc. 214 (CV-09-25-BU-SEH).

[27] Doc. 191 (CV-09-62-H-SEH).

[28] Doc. 213 at 4 (CV-09-25-BU-SEH).

[29] Doc. 214 (CV-09-25-BU-SEH).

[30] Doc. 213 at 4 (CV-09-25-BU-SEH).

ORDERED:

1. Plaintiffs' Second Amended Class Action Complaint[31] in cause CV-09-62-H-SEH is stricken.

4. The pretrial deadlines, dates, and schedule (including the preliminary pretrial conference set for March 27, 2017) established in the now separated cases by the Court's Order of January 12, 2016,[32] are in full force and effect.

2. Plaintiffs shall have one final opportunity to file an amended complaint on or before February 10, 2017, limited to their individual claims and the remaining issues before the Court, and without reference to previously pleaded and denied class action claims.

3. Defendants' answer to the amended complaint shall be due on or before February 24, 2017.

DATED this 31st day of January, 2017.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge

---

[31] Doc. 191 (CV-09-62-H-SEH).

[32] Doc. 190 (CV-09-62-H-SEH).